IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LADARRIUS MCGOWAN, #211826                                                                PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 3:22-cv-343-DPJ-FKB

LEE PERMENTER, JERRY HORN,
BRADLEY HORN, TROY GREGORY,
and ZACHARY RIGDON                                                                      DEFENDANTS

**REPORT AND RECOMMENDATION**

This case is before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [45] filed by Defendants Zachary Rigdon, Jerry Horn, and Bradley Horn. Plaintiff filed no response. Having considered this matter, the undersigned recommends that the motion [45] be granted and this case be dismissed against all Defendants.

I.      BACKGROUND

*Pro se* Plaintiff LaDarrius McGowan is a convicted inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act ("PLRA"), and brings this suit pursuant to 42 U.S.C. § 1983. *See* Compl. [1] at 4; Order [9].

McGowan complains about an incident that occurred while he was housed in the Walnut Grove Correctional Facility ("WGCF") in Walnut Grove, Mississippi. At the omnibus hearing, McGowan testified that on May 17, 2022, he had an altercation with Rigdon.[1] After the initial altercation, Rigdon left the zone and returned with other officers. Prior to the return of Rigdon and the other officers, McGowan laid face-down on the ground with his hands behind his head and his feet crossed. McGowan testified that when Jerry Horn and Bradley Horn entered the

---

[1] The Court held an omnibus hearing during which McGowan reiterated his claims. *See* [41].

zone, they approached McGowan and hit him in the back of the head and in his back with their fists.

On July 19, 2023, Defendants filed the instant motion, arguing that Plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit. *See* [45] at 1. McGowan was granted until August 2, 2023, to file a response. Order [41] at 1. He did not file a response, and the time for doing so has expired.

## II.     RELEVANT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the nonmoving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

2

III.     DISCUSSION

Statutory and case law require a prisoner to exhaust administrative remedies, regardless of the relief sought, before filing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the PLRA, states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that § 1997e, revised as a part of the PLRA, requires an inmate to exhaust administrative remedies before bringing an action with respect to prison conditions, regardless of the relief offered through administrative procedures. *Booth*, 532 at 739–41. The Supreme Court further explained that the PLRA's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle*, 534 U.S. 516 (2002); *see also Jones v. Bock*, 549 U.S. 199 (2007) (reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).

The United States Court of Appeals for the Fifth Circuit has reiterated the principles found in these cases. In *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies. The Fifth Circuit concluded, as follows:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant

3

whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788. A prisoner's grievance must be sufficiently specific to provide officials with "a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004). The PLRA dictates proper exhaustion, meaning that "prisoners must complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by the PLRA, but by the prison grievance process itself." *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017) (quoting *Jones*, 549 U.S. at 218)); *see also Cantwell v. Sterling*, 788 F.3d 507, 509 (5th Cir. 2015) ("Exhaustion is defined by the prison's grievance procedures, and courts neither may add to nor subtract from them.").

MDOC employs a two-step ARP process through which an inmate may present grievances relating to his incarceration.[2] *See Jackson v. Hall*, 763 F. App'x 376, 377 (5th Cir. 2019). To utilize the ARP,

> [a]n inmate must file a grievance within 30 days of the complained of incident. The grievance is reviewed by the prison's legal-claims adjudicator and, if there is an adverse response at the first step, the inmate may appeal to step two. If the inmate disagrees with the step two response, he may sue.

*Wheater v. Shaw*, 719 F. App'x 367, 369–70 (5th Cir. 2018).

In support of their summary judgment motion, Defendants submit an affidavit from Joseph Cooley, the ARP custodian. [45-1] at 1. In the affidavit, Cooley attests that McGowan

---

[2] The Court takes judicial notice of MDOC'S ARP procedure and the inmate handbook posted on its website. *See Boyd v. Gower*, No. 20-60323, 2022 WL 989368 (5th Cir. Apr. 1, 2022) (citing *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005)).

4

filed no grievance regarding the May 17, 2022 incident, but admits that McGowan filed a grievance on June 15, 2022 regarding a similar incident involving some of the same officers (namely, Lee Permenter, Jerry Horn, Bradley Horn, and Troy Gregory). *Id*. That grievance was signed by McGowan on June 14, 2022, the same day McGowan signed his complaint filed in this Court. [45-2] at 3; [1] at 14. Although McGowan filed no response to the instant motion, he states in his complaint that he filed a grievance, but he never got a response and was told by Officer Rigdon that it had been "trashed." [1] at 10.

As the undisputed records demonstrate, McGowan did not complete the ARP process prior to signing his complaint on June 14, 2022, or filing this civil action on June 21, 2022. By McGowan's own admission, he never proceeded to step 2 of the ARP process.[3] "Pre-filing exhaustion is mandatory, and the case must be dismissed if available remedies were not exhausted." *Gonzalez*, 702 F.3d at 788. Because McGowan failed to exhaust his administrative remedies against Defendants prior to filing this case, dismissal of Defendants Zachary Rigdon, Jerry Horn, and Bradley Horn and the claims against them is required.

The summary judgment evidence also shows that McGowan has not exhausted his administrative remedies as to Lee Permenter and Troy Gregory, who have not appeared in this case. A defendant who has not appeared can benefit from the defenses raised by other defendants who have appeared. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (holding non-appearing parties may "benefit from the appearing defendant's favorable summary judgment motion").

---

[3] The exhaustion requirement is satisfied only if the prisoner pursues the administrative remedy "to conclusion." *Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). The prison official's failure to respond to the prisoner's step-one grievance, "entitles the prisoner to move on to the next step in the process." *Id*. A prisoner-plaintiff has not met the exhaustion requirement by filing only a step-one APR. *See id*.

5

Therefore, Permenter and Gregory should benefit from the appearing defendants's summary judgment motion [45]. *See e.g.*, *Patel v. Haro*, 470 F. App'x 240, 245 (5th Cir. 2012) (affirming district court's decision allowing a non-appearing defendant "to benefit from the favorable disposition of the appearing defendants' summary judgment motion"). Because McGowan did not exhaust his available grievance process prior to filing this case, dismissal of these two defendants and the claims against them is also required.

IV.   CONCLUSION

For the foregoing reasons, the undersigned recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies [45] be granted and that this case be dismissed without prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[4] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

RESPCTFULLY SUBMITTED, this the 6th day of December, 2023.

 *s/ F. Keith Ball*
UNITED STATES MAGISTRATE JUDGE

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).