UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LADARRIUS MCGOWAN, # 211826                                                          PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:22-CV-343-DPJ-FKB

LEE PERMENTER et al.                                                               RESPONDENT

ORDER

      LaDarrius McGowan, an inmate of the Mississippi Department of Corrections (MDOC), sued five prison employees under 42 U.S.C. § 1983, alleging they assaulted him. Compl. [1]. Three Defendants moved for summary judgment because McGowan had not exhausted his administrative remedies with MDOC before filing suit. Mot. [45]. United States Magistrate Judge F. Keith Ball recommends granting the motion. R&R [48]. McGowan responded to neither the motion nor the R&R, and the time to object to the R&R has passed. Fed. R. Civ. P. 72(b)(2); *see* R&R [48] at 66 (advising McGowan of deadline).

      "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983), *quoted in Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) *as noted in Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

      As Judge Ball explains in his well-reasoned recommendation, exhaustion of administrative remedies is mandatory before an inmate may file suit regarding the conditions of his confinement. R&R [48] at 3 (citing 42 U.S.C. §1997e(a) and *Booth v. Churner*, 532 U.S. 731, 739–41 (2001)). Defendants have shown that McGowan did not comply with MDOC's grievance process and thus did not exhaust his administrative remedies before suing. Defs.'

Mem. [46] at 6–7.  And as Judge Ball also correctly states, the two Defendants who did not join the Rule 56 motion (not having appeared in the case) are allowed to benefit from the defense raised by the movant Defendants.  R&R [48] at 5 (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (defaulted defendants benefit from appearing defendant's showing that plaintiff has no cause of action)).  The Court also observes that part of the relief McGowan sought, transfer to a different facility away from Defendants, is now moot because he is no longer at the facility where the assault allegedly occurred.  Mot. [45] ex. 3 (McGowan's MDOC housing history).

Having reviewed the record and found no clear error, the Court accepts the recommendation of Judge Ball.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball [48] is adopted as the finding and holding of this Court, which thereby grants Defendants' motion [45].  McGowan's suit is dismissed without prejudice.  A separate judgment will be entered as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 12th day of January, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE